IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERICA WILLIS TANKS, as administrator of
the Estate of Thomas Willis, as personal
representative of Thomas Willis, for the benefit
of all heirs of Thomas Willis, and as natural
daughter of Thomas Willis**                                        **PLAINTIFF**

VS.                                                          **CIVIL ACTION NO. 4:03CV408LN**

**LOCKHEED MARTIN CORPORATION;
LOCKHEED MARTIN AERONAUTICAL
SYSTEMS SUPPORT COMPANY, d/b/a
Lockheed Martin Aeronautics Company-
Marietta and DOUGLAS WILLIAMS ESTATE**                       **DEFENDANTS**

_____

**DOUGLAS WILLIAMS ESTATE**                            **CROSS-CLAIMANT**

VS.

**LOCKHEED MARTIN CORPORATION and
LOCKHEED MARTIN AERONAUTICAL
SYSTEMS SUPPORT COMPANY d/b/a
Lockheed Martin Aeronautics Company-Marietta**              **CROSS-DEFENDANTS**

## ORDER

This matter came before the court on the Supplemental Memorandum to Compel Production of Additional Documents and Oral Deposition of EEOC Pursuant to Court's July 10, 2006 Order filed by Defendant Lockheed Martin Corporation in this matter. Lockheed had earlier served a subpoena on the EEOC, seeking documents and testimony regarding its investigation of discrimination charges that had been brought by its employees. In an earlier ruling on a Motion to Quash that subpoena, the court ruled that the potential for disruption of the agency's operations as a result of the subpoena outweighed Lockheed's need for the information, especially in light of the

fact that they had likely received the information sought in the documents produced in response to a Freedom of Information Act request. Lockheed now argues that the information was not contained in those documents and that it needs further documents and deposition testimony.

In response, the EEOC points out that Lockheed has failed to confer in good faith prior to the filing of its Motion. The court clearly instructed the EEOC, in its earlier Order on this subject, that such a conference, and obtaining an executed certification that the conference occurred, are necessary prerequisites to the filing of a discovery motion. Nonetheless, barely two weeks later, Lockheed filed its discovery motion without certifying that such a conference occurred. Even after the EEOC objected on this basis, there is no indication that Lockheed attempted to follow up with a conference or submitted a belated certification to that effect.

Having reviewed Lockheed's Motion, moreover, it appears that some of the issues raised therein could be resolved through a conference with the attorneys for the EEOC. For example, Lockheed complains that the absence of certain documents have not been explained and that there is no explanation as to how the EEOC's determinations were prepared. The court is not suggesting that an informal conference among counsel is a substitute for sworn deposition testimony, but the EEOC's attorneys might be able to offer explanations that would make a deposition unnecessary. The court notes that this matter has been stayed pending the adoption and approval of a compromise settlement that has been reached by the parties. Therefore, the court is of the opinion that ample time remains to conduct a deposition of an EEOC representative, should that become necessary. For all of these reasons, the Motion will be denied, but without prejudice to Lockheed's right to submit another Motion after a good faith conference with the EEOC on these issues. The court expects the

agency to cooperate in scheduling such a conference, so that Lockheed may proceed with further discovery, should that be required.

IT IS, THEREFORE, ORDERED that the Supplemental Memorandum to Compel Production of Additional Documents and Oral Deposition of EEOC Pursuant to Court's July 10, 2006 Order is hereby **denied**.

IT IS SO ORDERED, this the 8th day of September, 2006.

S/John M. Roper<br>UNITED STATES MAGISTRATE JUDGE